UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JERROD SHY,                             )
                                        )
                          Plaintiff,    )     No. 08 C 327
  vs.                                   )
                                        )
CITY OF CHICAGO, ILLINOIS, and          )     JUDGE SHADUR
CHICAGO POLICE OFFICER                  )     MAGISTRATE JUDGE NOLAN
B. T. TOPCZEWSKI, Star No. 3691, and    )
CHICAGO POLICE OFFICER                  )
J. W. BELCHER, Star No. 11304,          )
                                        )
                          Defendants.   )     JURY TRIAL DEMANDED

## DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant City of Chicago (the "City"), by its attorney Mara S. Georges, Corporation

Counsel for the City of Chicago, answers the Complaint and states:

### JURISDICTION and VENUE

1.     This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' [sic] rights as secured by the United States Constitution.

**ANSWER:**     The City admits that Plaintiff purports to bring Count I and Count II of his

Complaint pursuant to 42 U.S.C. §1983 to redress the alleged deprivation under color of law of

Plaintiff's rights as secured by the United States Constitution.  The City denies the remaining

allegations contained in Paragraph 1.  Specifically, the City denies that it violated Plaintiff's

rights or caused him injury.

2.     This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

**ANSWER:**     The City admits the allegations contained in Paragraph 2.

3.     Venue is proper under 28 U.S.C. § 1391(b).  All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:**     The City lacks sufficient knowledge or information to form a belief as to the

truth of the allegation that Plaintiff resides in this judicial district. The City admits the remaining allegations contained in Paragraph 3.

## PARTIES

4.     At all times relevant hereto, Plaintiff Jerrod Shy was an 18 year-old African-American male resident of Chicago, Illinois.

**ANSWER:**     The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4.

5.     At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

**ANSWER:**     The City admits that, at all times relevant to this Complaint, B.T. Topczewski, Star No. 3691, and J.W. Belcher, Star No. 11304, were employed by the City of Chicago as Police Officers. The City further admits, upon information and belief, based on Chicago Police Department ("CPD") records, that Defendant Officers Topczewski and Belcher were acting under the color of law and within the scope of their employment at all times relevant to the Complaint.

6.     Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:**     The City admits that it is a municipal corporation, duly incorporated under the laws of the State of Illinois, and that it employs the Defendant Officers. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 6.

## FACTUAL ALLEGATIONS

7.     On or about January 15, 2007, Plaintiff was at a residence located at 11 N. Pine Ave., Chicago, Illinois.

**ANSWER:**     Upon information and belief, based on CPD records, the City admits that, on

January 15, 2007, Plaintiff was in the area of 11 N. Pine Ave., Chicago, Illinois.  The City lacks

sufficient knowledge or information to form a belief as to the truth of the remaining allegations

contained in Paragraph 7.

      8.     At this time, Defendant Officers entered the residence and unconstitutionally
searched Plaintiff without an arrest warrant, a search warrant, or probable cause to believe that
Plaintiff had committed or was committing a crime.

**ANSWER:**     Upon information and belief, based on CPD records, the City admits that the

Defendant Officers did not have a warrant at the time of Plaintiff's arrest on January 15, 2007.

The City lacks sufficient knowledge or information to form a belief as to the truth of the

remaining allegations contained in Paragraph 8.

      9.     At all times relevant hereto, Plaintiff was acting fully in conformity with all laws,
statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:**     Upon information and belief, based on CPD records, the City denies the allegation

contained in Paragraph 9.

      10.     Following the unconstitutional search, Plaintiff was handcuffed, arrested, and
taken to the 15th District Chicago Police District where he was falsely charged with Possession of
a Controlled Substance in violation of 720 ILCS 570.0/402-C and Possession of Cannabis in
violation of 720 ILCS 550.0/4-A and held in custody for approximately two days.

**ANSWER:**     Upon information and belief, based on CPD records, the City admits that Plaintiff

was arrested and taken to the 15th District Police Station of the CPD.  The City further admits that

Plaintiff was charged with Possession of a Controlled Substance, in violation of 720 ILCS

570.0/402-C, and Possession of Cannabis, in violation of 720 ILCS 550.0/4.  The City lacks

sufficient knowledge or information to form a belief as to the truth of the remaining allegations

contained in Paragraph 10.

      11.     These false charges were dismissed  after a finding of no probable cause by a
Cook County Judge on February 8, 2007.

**ANSWER:**     The City lacks sufficient knowledge or information to form a belief as to the

truth of the allegations contained in Paragraph 11.

## Count I - 42 U.S.C. § 1983 False Arrest

12.     Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

**ANSWER:**    The City's answers to Paragraphs 1 through 11 are incorporated herein by

reference as though fully set forth.


13.     On January 15, 2007, Plaintiff was seized and arrested without a warrant and
without probable cause. This seizure and arrest were in violation of Plaintiff's rights secured
under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    Upon information and belief, based on CPD records, the City admits that Plaintiff

was arrested without a warrant on January 15, 2007.  The City lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations contained in Paragraph

13.


14.     Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully
detained and searched him without any legal right to do so, in their official capacity as law
enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:**    The City admits that, at all times relevant to this Complaint, Defendant

Officers were employed by the CPD.  The City further admits, upon information and belief,

based on CPD records, that Defendant Officers were acting under the color of law and within the

scope of their employment at all times relevant to this Complaint.  The City lacks sufficient

knowledge or information to form a belief as to the truth of the remaining allegations contained

in Paragraph 14.


15.     The misconduct described in this Count was undertaken pursuant to the policy and
practice of the Chicago Police Department in that:

a.     As a matter of both policy and practice, the Chicago Police Department
directly encourages the type of misconduct at issue here by failing to
adequately train, supervise and control its officers, and its failure to do so
constitutes deliberate indifference;

b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.  Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases" and that "the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights."  The City denies the remaining allegations contained in Paragraph 15, including subparagraphs (a) through (h).

-5-

16.    The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:**    The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16.

## Count II - 42 U.S.C. § 1983 Unlawful Search

17.    Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

**ANSWER:**    The City's answers to Paragraphs 1 through 11 are incorporated herein by reference as though fully set forth.

18.    Defendant Officers searched Plaintiff's person without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER:**    Upon information and belief, based on CPD records, the City admits that a custodial search was performed on Plaintiff on January 15, 2007. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 18.

19.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.  As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.  Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.  The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.  As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.  As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.  Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.  The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases" and that "the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights."  The City denies the remaining allegations contained in Paragraph 19, including subparagraphs (a) through (h).

20.    The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

**ANSWER:**    The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20.

## Count III - False Imprisonment

21.    Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

**ANSWER:**    The City's answers to Paragraphs 1 through 11 are incorporated herein by

reference as though fully set forth.


22.    Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

**ANSWER:**    The City admits the allegations contained in Paragraph 22.


23.    On January 15, 2007, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    Upon information and belief, based on CPD records, the City admits that Plaintiff

was arrested without a warrant on January 15, 2007.  The City lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations contained in Paragraph

23.


24.    Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:**    The City denies the allegations contained in Paragraph 24 to the extent that

they pertain to the City.  The City lacks sufficient knowledge or information to form a belief as to

the truth of the remaining allegations contained in Paragraph 24.


25.    The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:**    The City denies the allegations contained in Paragraph 25 to the extent that

they pertain to the City.  The City lacks sufficient knowledge or information to form a belief as to

the truth of the remaining allegations contained in Paragraph 25.

## Count IV - Malicious Prosecution

26.    Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

**ANSWER:**    The City's answers to Paragraphs 1 through 11 are incorporated herein by

reference as though fully set forth.


27.    Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

**ANSWER:**    The City lacks sufficient knowledge or information to form a belief as to the truth

of the allegations contained in Paragraph 27.


28.    Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:**    The City lacks sufficient knowledge or information to form a belief as to the truth

of the allegations contained in Paragraph 28.


29.    Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:**    The City lacks sufficient knowledge or information to form a belief as to the truth

of the allegations contained in Paragraph 29.


30.    On February 8, 2007, Plaintiff's case was dismissed.

**ANSWER:**    The City lacks sufficient knowledge or information to form a belief as to the truth

of the allegations contained in Paragraph 30.


31.    As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**    The City lacks sufficient knowledge or information to form a belief as to the truth

of the allegations contained in Paragraph 31.

## Count V - Intentional Infliction of Emotional Distress

32.    Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

**ANSWER:**    The City's answers to Paragraphs 1 through 11 are incorporated herein by

reference as though fully set forth.


33.    Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:**    The City admits the allegations contained in Paragraph 33.


34.    Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:**    The City lacks sufficient knowledge or information to form a belief as to the truth

of the allegations contained in Paragraph 34.


35.    Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:**    The City denies the allegations contained in Paragraph 35 to the extent that

they pertain to the City.   The City lacks sufficient knowledge or information to form a belief as

to the truth of the remaining allegations contained in Paragraph 35.


36.    As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**    The City lacks sufficient knowledge or information to form a belief as to the

truth of the allegations contained in Paragraph 36.


## Count VII - State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

37.    Plaintiff re-alleges paragraphs 1 through 11 as if fully re-pleaded herein.

**ANSWER:**    The City's answers to Paragraphs 1 through 11 are incorporated herein by

reference as though fully set forth.

38.    Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:**    The City states that the allegations in Paragraph 38 are a vague, incomplete

and/or inaccurate statement of Illinois statutory and common law regarding municipal

indemnification and, therefore, the allegations in this paragraph are denied.

38.    At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:**    The City admits that, at all times relevant to this Complaint, Defendant

Officers were employed by the CPD.  The City further admits, upon information and belief,

based on CPD records, that Defendant Officers were acting under the color of law and within the

scope of their employment at all times relevant to this Complaint.  The City denies the allegation

that it is "liable as principal for all torts committed by its agents, Defendant Officers," because

the allegation is a vague, incomplete and/or inaccurate statement of Illinois statutory and

common law regarding municipal indemnification.  The City lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations in this paragraph.

## AFFIRMATIVE DEFENSES

1.    The statue of limitations for any claim under Illinois state law that Plaintiff is

attempting to plead is one year.  745 ILCS 10/8-101.  To the extent that Plaintiff's claims under

state law accrued more than one year prior to the filing of this complaint against the Defendant

Officers and the City, those claims are time barred and should be dismissed.

2.    A municipality is not liable under a theory of respondeat superior for the

constitutional violations of its employees.  See Board of County Comm'rs of Bryan County,

Oklahoma v. Brown, 520 U.S. 397, 403 (1997).

3.      Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202.

4.      Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.   745 ILCS 10/2-201.

5.      Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

6.      Defendant Officers are not liable for any of Plaintiff's claims because they can not be held liable for the acts or omissions of other people.  Under the Tort Immunity Act, Defendant Officers are not liable for any of Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204.

7.      Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

8.      To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to

-12-

Plaintiff by the jury in this case.  See People of City of Rollings Meadows, 167 Ill.2d 41, 656

N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

    9.    If the Defendant Officers are found not liable to Plaintiff on any of his state

claims, the City is not liable to Plaintiff.  745 ILCS 10/2-109.

## JURY DEMAND

    Defendant City of Chicago requests a trial by jury.


                                        Respectfully submitted,

                                        MARA S. GEORGES
                                        Corporation Counsel of the
                                        City of Chicago

                            By:    _____
                                        DÉJA C. NAVE
                                        Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, IL 60602
(312) 744-6951


-13-