IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERROD SHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  08 C 327 |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and | ) | JUDGE SHADUR |
| CHICAGO POLICE OFFICER | ) | MAGISTRATE JUDGE NOLAN |
| B.T. TOPCZEWSKI, Star No. 3691, and | ) | |
| CHICAGO POLICE OFFICER | ) | |
| J. W. BELCHER, Star No. 11304, | ) | |
| | ) | |
| Defendants. | ) | |

**INDIVIDUAL DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, RULE 12(B)(6) DEFENSE  AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Individual Defendants Jesse Belcher and Bryan Topczewski, ("Individual Defendants") by their attorney, Thomas J. Platt, Chief Assistant Corporation Counsel, for their Answer, Affirmative Defenses, Rule 12(b)(6) Defenses and Jury Demand to Plaintiff's Complaint, state as follows:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

**ANSWER:** Individual Defendants admit that the complaint in this cause purports to state claims under 42 U.S.C. §1983, but deny plaintiff has stated any claims upon which relief can be granted against these defendants.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§1331, 1343 and 1367.

**ANSWER:** Individual Defendants admit the jurisdiction of this court arises under 28

U.S.C. §§ 1331 and 1343 and that supplemental jurisdiction arises under 28 U.S.C. §1367, but deny plaintiff has stated any claims upon which relief can be granted against these defendants.

3.      Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:**    Individual Defendants admit that venue is proper, but deny plaintiff has stated any claims upon which relief can be granted against these defendants.

## PARTIES

4.      At all times relevant hereto, Plaintiff Jerrod Shy was an 18 year-old African-American male resident of Chicago, Illinois.

**ANSWER:**    On information and belief, Individual defendants admit the allegations of this paragraph.

5.      At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

**ANSWER:**    Individual defendants admit the allegations of this paragraph.

6.      Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:**    Individual defendants admit the allegations of this paragraph.

## FACTUAL ALLEGATIONS

7.      On or about January 15, 2007, Plaintiff was at a residence located at 11 N. Pine Ave., Chicago, Illinois.

**ANSWER:**    Individual defendants admit plaintiff was in a building located at 11 N. Pine, Chicago, Illinois, but deny the remaining allegations of this paragraph.

8.      At this time, Defendant Officers entered the residence and unconstitutionally

searched Plaintiff without an arrest warrant, a search warrant, or probable cause to believe that Plaintiff had committed or was committing a crime.

**ANSWER:**    Individual defendants admit they entered a building located at 11 N. Pine, Chicago, admit they conducted a search of plaintiff in the building and admit they had no search warrant, but deny they lacked probable cause, deny the search was unconstitutional and deny the remaining allegations in this paragraph.

9.    At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:**    Individual defendants deny the allegations in this paragraph.

10.    Following the unconstitutional search, Plaintiff was handcuffed, arrested, and taken to the 15th District Chicago Police District where he was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402-C and Possession of Cannabis in violation of 720 ILCS 550.0/4-A and held in custody for approximately two days.

**ANSWER:**    Individual defendants admit plaintiff was arrested, handcuffed, taken to the 15th District of the Chicago Police Department, charged with the offenses stated in paragraph ten and held for a period of time, but lack knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff was held for approximately two days. Individual defendants deny the charges were false, deny that the search was unconstitutional and deny the remaining allegations in this paragraph.

11.    These false charges were dismissed after a finding of no probable cause by a Cook County Judge on February 8, 2007.

**ANSWER:**    On information and belief, defendants admit the charges were dismissed but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## Count I - 42 U.S.C. § 1983 False Arrest

12.    Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

**ANSWER:**    Individual defendants adopt and re-allege their answers to paragraphs 1-11 as though fully set forth here.

13.    On January 15, 2007, Plaintiff was seized and arrested without a warrant without probable cause. This seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    Individual defendants admit plaintiff was arrested without a warrant on January 15, 2007, but deny the arrest was illegal or made without probable cause, deny plaintiff's constitutional rights were violated and deny the remaining allegations in this paragraph.

14.    Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:**    Individual defendants admit that at the time of plaintiff's arrest, they were acting under color of state law and within the scope of their employment as law enforcement officers, but deny they acted unlawfully, maliciously or wrongfully toward plaintiff and deny the remaining allegations in this paragraph.

15.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.    As a matter both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago

4

        Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed

      "unsustained"; and,

  h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**  Individual Defendants deny every allegation in this paragraph, including all subparagraphs.

16.    The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:**  Individual Defendants deny every allegation in this paragraph.

WHEREFORE, Individual defendants request judgment in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

### Count II - 42 U.S.C. §1983 False Arrest

17.    Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

**ANSWER:**  Individual defendants adopt and re-allege their answers to paragraphs 1-11 as though fully set forth here.

18.    Defendant Officers searched Plaintiff's person without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER:**  Individual defendants admit plaintiff was searched without a warrant on January 15, 2007, but deny the search was illegal, unconstitutional or made without probable cause, deny plaintiff's constitutional rights were violated and deny the remaining allegations in

6

this paragraph.

     19.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

     a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

     b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Officer of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

     c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

     d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

     e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

     f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course

      of a Police Officer's career;

  g.    As a matter of express policy, the City of Chicago refuses to taken into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

  h.    The problem with the policy identified in the preceding paragraphs is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Individual Defendants deny every allegation in this paragraph, including all subparagraphs.

20. The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

**ANSWER:** Individual Defendants deny every allegation in this paragraph.

WHEREFORE, Individual defendants request judgment in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

## Count III - False Imprisonment

21. Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

**ANSWER:** Individual defendants adopt and re-allege their answers to paragraphs 1-11 as though fully set forth here.

22. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** Individual Defendants admit that supplemental jurisdiction arises under 28

U.S.C. §1367, but deny plaintiff has stated any claims upon which relief can be granted against these defendants.

23. On January 15, 2007, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Individual defendants admit plaintiff was detained and arrested without a warrant on January 15, 2007, but deny the detention and arrest was illegal or made without probable cause, deny plaintiff's constitutional rights were violated and deny the remaining allegations in this paragraph.

24. Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:** Individual defendants deny the allegations in this paragraph.

25. The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** Individual defendants deny the allegations in this paragraph.

WHEREFORE, Individual defendants request judgment in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

### Count IV - Malicious Prosecution

26. Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

**ANSWER:** Individual defendants adopt and re-allege their answers to paragraphs 1-11 as though fully set forth here.

27. Defendant Officers initiated and continued judicial proceedings against Plaintiff

by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing.  This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

**ANSWER:**   Individual defendants deny the allegations in this paragraph.

28. Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:**   Individual defendants deny the allegations in this paragraph

29. Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:**   Individual defendants deny the allegations in this paragraph

30. On February 8, 2007, Plaintiff's case was dismissed.

**ANSWER:**   On information and belief, individual defendants admit the allegations of this paragraph.

31. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**   Individual defendants deny the allegations in this paragraph.

WHEREFORE, Individual defendants request judgment in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

### Count V - Intentional Infliction of Emotional Distress

32. Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

**ANSWER:**   Individual defendants adopt and re-allege their answers to paragraphs 1-11

as though fully set forth here.

33.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States code §1367.

**ANSWER:**    Individual Defendants admit that supplemental jurisdiction arises under 28 U.S.C. §1367, but deny plaintiff has stated any claims upon which relief can be granted against these defendants.

34.     Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:**    Individual defendants deny the allegations in this paragraph.

35.     Defendants intended to inflict severe emotional distress upon plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:**    Individual defendants deny the allegations in this paragraph.

36.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**    Individual defendants deny the allegations in this paragraph.

WHEREFORE, Individual defendants request judgment in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

## Count VII - State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

37.     Plaintiff re-alleges paragraphs 1 through 11 as if fully re-pleaded herein.

**ANSWER:**    Individual defendants adopt and re-allege their answers to paragraphs 1-11

as though fully set forth here.

38.     Illinois law provides that public entities, such as Defendant City, are directed to any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:**   Individual defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38.     At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:**   Individual defendants admit that at the time of the incident alleged in this complaint, they were employees of the City of Chicago Police Department and acting within the scope of their employment, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

WHEREFORE, Individual defendants request judgment in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

## FED. R. CIV. P. 12(b)(6) DEFENSES

1.      Plaintiff has failed to alleged facts sufficient to support his claim under Illinois law for Intentional Infliction of Emotional Distress against Individual Defendants.

2.      An award of punitive damages would deprive Defendants of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

   (a) liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence;

  (b) the award of punitive damages is disproportionate to actual damages.

## AFFIRMATIVE DEFENSES

  1. Individual Defendants are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in the Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants could have believed their detention, arrest and search of Plaintiff to be lawful, in light of clearly established law and the information that Defendants possessed.  Therefore, Individual Defendants are entitled to qualified immunity on Plaintiff's 42 U.S.C. §1983 claims.

  2. As to any state claims under Illinois law, under the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter "Illinois Tort Immunity Act"), Individual Defendants are not liable for any such claim alleged because the decision to arrest, detain and search Plaintiff was based upon the information and circumstances known to Individual Defendants at the time and was a discretionary decision for which they are immune from liability.  745 ILCS 10/2-201.

  3. Individual Defendants were working as police officers at the time of this incident. Therefore, as to all claims under Illinois law, pursuant to the Illinois Tort Immunity Act, Defendants are not liable for any state law claim alleged because a public employees are not liable for their acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct.  745 ILCS 10/2-202.

  4. Where Individual Defendants may be liable in damages, the amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault, in proportion to the amount of the intentional, willful and wanton or negligent

conduct of the Plaintiff which was the proximate cause of his injuries or damages.

5.  Individual Defendants are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

6.  To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

7.  The statue of limitations for any of the claims alleged by plaintiff under Illinois law is one year. 745 ILCS 10/8-101. To the extent that plaintiff's claims under Illinois law accrued more than one year prior to the filing of the complaint against the Individual defendants, those claims are time barred and should be dismissed.

8.  Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by the institution or prosecution of any judicial or administrative proceeding with the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

WHEREFORE, Individual Defendants request judgment in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

## JURY DEMAND

Individual Defendants requests trial by jury.

                                                            Respectfully submitted,

                                                            /s/ Thomas J. Platt
                                                            Chief Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-4833
(312) 744-6566 (FAX)
ATTY. NO.  06181260                       March 10, 2008

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have caused true and correct copies of the above and foregoing Individual Defendants Answer, Affirmative Defenses and Rule 12(b)(6) Defenses and Jury Demand to Plaintiff's Complaint to be electronically filed and served pursuant to the Rules of the Northern District of Illinois to the persons named in the foregoing Notice at the addresses therein shown, on March 10, 2008.

| | |
|---|---|
| Jeffrey Granich | Deja C. Nave |
| 53 W. Jackson Blvd | 30 N. LaSalle Street |
| Suite 840 | Suite 1020 |
| Chicago, Illinois 60604 | Chicago, Illinois 60602 |

                                                /s/ Thomas J. Platt
                                                Assistant Corporation Counsel